# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Credico,                                   :
                Petitioner           :
                                                    :
                                                     :  **CASE SEALED**
                v.                                   :  No. 251 C.D. 2017
                                                     :  Submitted: November 17, 2017

Office of Attorney General,                       :
                Respondent          :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: February 14, 2018

Justin Credico (Requester) petitions, *pro se*, for review of a final determination of the Office of Attorney General affirming, in part, the denial of his request under the Right-to-Know Law[1] for access to documents related to the Attorney General's investigation into the misuse of government email communication systems by public officials. For the reasons that follow, we affirm.

On November 23, 2016, Requester submitted a right-to-know request to the Attorney General's office for "information surrounding Kathleen Kane's revealing of an email scandal involving numerous officials, which required reports by your office and another law firm." Certified Record (C.R.) Document No. 1. Specifically, Requester sought:

> 1. All names of the public officials who received in part or in whole, any inappropriate email corresponding to your office's reports and those of the law firm

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

2. All titles of the public officials who were involved in the same scandal as referenced in #1 above

3. The names of the 2 Pa. Supreme Court Judges who have already resigned over the issue (see #1 above).

*Id.* By letter of December 6, 2016, the Attorney General's Open Records Officer advised Requester that a legal review was being undertaken to determine whether the requested records were subject to access. On January 5, 2017, the Open Records Officer issued a final response denying the request for the following reasons: (1) the request was insufficiently specific and over broad; (2) the request sought documents and information that were not records disclosable under the Right-to-Know Law; and (3) the request did not identify a specific record sought. C.R. Document No. 3.

Requester appealed to the Attorney General's Right-to-Know Appeals Officer (Appeals Officer) disputing the finding of insufficient specificity and asserting that the requested documents were "records" under the Right-to-Know Law. The Appeals Officer agreed that the request was insufficiently specific but found that the Attorney General's office was in possession of a responsive document, identified as "the 'Report of Special Deputy Attorney General Douglas F. Gansler on Misuse of Commonwealth of Pennsylvania Government E-Mail Communications Systems' [(Gansler Report)] which identifies the names and titles of those individuals who sent and/or received allegedly inappropriate emails." Final Determination at 3.

The Appeals Officer acknowledged that a redacted version of the Gansler Report "from which the names and titles of officials had been removed, was released to the public by the [Attorney General] on November 22, 2016." Final Determination at 4. Because Requester's request sought redacted information that was not released to the public, the Appeals Officer conducted an *in camera* review

2

of the unredacted version. Following her *in camera* review, the Appeals Officer determined the information was exempt from disclosure under the Right-to-Know Law for two reasons. First, the unredacted Gansler Report was not disclosable under the exemption for criminal and noncriminal investigations found in Section 708(b)(16) and (17) of the Right-to-Know Law, 67 P.S. §67.708(b)(16)-(17). Second, the named individuals in the unredacted report have a right to privacy under Article I, Section 1 of the Pennsylvania Constitution,[2] and their privacy interest outweighs the public benefit of disclosure. *See Pennsylvania State Education Association v. Department of Community and Economic Development*, 148 A.3d 142 (Pa. 2016). Accordingly, the Appeals Officer affirmed the Open Records Officer's denial of Requester's request, albeit for different reasons. Requester petitioned this Court for review.

On appeal,[3] Requester asks this Court to "determin[e] whether the criminal/non-criminal exemption to the Right-to-Know Law applies, and, whether the privacy exception applies to the information requested." Requester's Brief at 5.[4]

---

[2] It states:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

PA. CONST. art. I, §1.

[3] "This Court exercises de novo review of appeals officers' decisions under the [Right-to-Know Law] pertaining to Commonwealth Agencies." *Office of Attorney General v. Bumsted*, 134 A.3d 1204, 1208 n.8 (Pa. Cmwlth. 2016) (citing *Meguerian v. Office of Attorney General*, 86 A.3d 924, 927 n.4 (Pa. Cmwlth. 2013)).

[4] This is the extent of Requester's argument in his brief, which fails to conform to nearly every requirement found in PA R.A.P. 2111-2119 (regarding contents of a brief) and contains no "Argument" section. *See* PA R.A.P. 2111(a)(8). The Attorney General did not file a motion to quash based on these violations of the appellate rules. PA R.A.P. 2101. As such, we review the arguments set forth in Requester's petition for review. *See Richardson v. Pennsylvania Insurance*

We begin with a review of the relevant provisions of the Right-to-Know Law.

Section 102 of the Right-to-Know Law defines a public record as:

A record, including a financial record, of a Commonwealth or local agency that:

> (1) is not exempt under Section 708;
>
> (2) is not exempt from being disclosed under any other Federal or State law regulation or judicial order or decree; or
>
> (3) is not protected by a privilege.

65 P.S. §67.102. Section 708(b) of the Right-to-Know Law sets forth several exemptions from the definition of "public record." 65 P.S. §67.708(b). Relevant here are exemptions for an agency record relating to or resulting from a criminal

---

*Department*, 54 A.3d 420, 426 (Pa. Cmwlth. 2012) (limiting our review "to those cognizable arguments we can glean despite the brief's noncompliance.").

investigation[5] and for a record relating to a noncriminal investigation.[6] A record that relates to a criminal or noncriminal investigation is not a "public record" under Section 102 of the Right-to-Know Law and is therefore exempt from disclosure.

---

[5] Section 708(b)(16) of the Right-to-Know Law states:

> (b) Exceptions.--Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
>
> ***
>
> > (16) A record of an agency relating to or resulting in a criminal investigation, including:
> >
> > > (i) Complaints of potential criminal conduct other than a private criminal complaint.
> > >
> > > (ii) *Investigative materials, notes, correspondence, videos and reports*.
> > >
> > > (iii) A record that includes the identity of a confidential source or the identity of a suspect who has not been charged with an offense to whom confidentiality has been promised.
> > >
> > > (iv) A record that includes information made confidential by law or court order.
> > >
> > > (v) Victim information, including any information that would jeopardize the safety of the victim.
> > >
> > > (vi) A record that, if disclosed, would do any of the following:
> > >
> > > > (A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.
> > > >
> > > > (B) Deprive a person of the right to a fair trial or an impartial adjudication.
> > > >
> > > > (C) Impair the ability to locate a defendant or codefendant.
> > > >
> > > > (D) Hinder an agency's ability to secure an arrest, prosecution or conviction.
> > > >
> > > > (E) Endanger the life or physical safety of an individual.

65 P.S. §67.708(b)(16) (emphasis added).

[6] Section 708(b)(17) of the Right-to-Know Law states:

> (b)   Exceptions.--Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
>
> ***
>
>> (17)   A record of an agency relating to a noncriminal investigation, including:
>>
>>> (i)   Complaints submitted to an agency.
>>>
>>> (ii)   Investigative materials, notes, correspondence and reports.
>>>
>>> (iii)   A record that includes the identity of a confidential source, including individuals subject to the act of December 12, 1986 (P.L. 1559, No. 169), known as the Whistleblower Law.
>>>
>>> (iv)   A record that includes information made confidential by law.
>>>
>>> (v)   Work papers underlying an audit.
>>>
>>> (vi)   A record that, if disclosed, would do any of the following:
>>>
>>>> (A)   Reveal the institution, progress or result of an agency investigation, except the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court.
>>>>
>>>> (B)   Deprive a person of the right to an impartial adjudication.
>>>>
>>>> (C)   Constitute an unwarranted invasion of privacy.
>>>>
>>>> (D)   Hinder an agency's ability to secure an administrative or civil sanction.

The Appeals Officer determined that both the criminal and noncriminal investigation exemptions apply to the unredacted Gansler Report sought by Requester. Regarding the criminal investigation exemption, she explained that a private law firm generated the report during the course of an investigation into the potential misuse of the Commonwealth email system by Commonwealth officials and employees. The "potential avenues of misuse" included the possible transmission of sexually explicit, racially or otherwise discriminatory material, as well as improper disclosure of criminal investigative or grand jury material. Final Determination at 5. Because of the nature of the alleged use of the email system, the Appeals Officer concluded that "[u]nquestionably, an investigation of a criminal nature was contemplated, and did, in fact occur." *Id.* The Appeals Officer noted:

> Even if, after reviewing the final results of [the law firm's] investigation and their [sic] recommendations, criminal charges are not forthcoming does not change the underlying nature of the original investigation – to determine whether crimes occurred with the alleged misuse of the Commonwealth's email system.

*Id.* The Appeals Officer further determined that the noncriminal investigation exemption also applied because the Attorney General generated the Gansler Report for the dual purpose of conducting an official investigation into potential misconduct by its employees. *Id.*

In his petition for review before this Court, Requester argues that the unredacted Gansler Report is not exempt under the "law enforcement investigation" exemption, which we construe as a challenge to the criminal investigation exemption in Section 708(b)(16) of the Right-to-Know Law. 65 P.S. §67.708(b)(16).

> (E) Endanger the life or physical safety of an individual.

65 P.S. §67.708(b)(17).

7

Requester does not challenge the Appeals Officer's finding that the unredacted report relates to a criminal investigation by the Attorney General; he maintains that it is now subject to disclosure because there are "no longer any further investigations or prosecutions forthcoming." Petition for Review at 2.2. The Attorney General responds that the Right-to-Know Law does not limit the criminal investigation exemption to records related to active investigations.

We agree with the Attorney General. The language of Section 708 of the Right-to-Know Law does not support Requester's interpretation that reports and other documents relating to criminal investigations become subject to disclosure after the investigation is closed. To the contrary, Section 708 exempts from disclosure records and reports relating to criminal investigations regardless of the status of the investigation. Indeed, this Court has specifically stated: "[c]riminal investigative records remain exempt from disclosure under the [Right-to-Know Law] even after the investigation is completed." *Barros v. Martin*, 92 A.3d 1243, 1250 (Pa. Cmwlth. 2014).

Because the unredacted Gansler Report is a "record of an agency relating to or resulting in a criminal investigation," it is exempt from disclosure under the criminal investigation exemption found in Section 708(b)(16)(ii) of the Right-to-Know Law. 65 P.S. §67.708(b)(16)(ii). For this reason, the Appeals Officer's final determination is affirmed.[7]

_____
MARY HANNAH LEAVITT, President Judge

---

[7] Based on our disposition, we need not reach Requester's additional arguments.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Credico, : 
            Petitioner : 
             : **CASE SEALED**
         v. : No. 251 C.D. 2017
             : 
Office of Attorney General, : 
            Respondent : 

## **O R D E R**

AND NOW, this 14th day of February, 2018, the final determination of the Office of Attorney General dated February 16, 2017 in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge